### STATE vs. PITOT.

#### AN APPLICATION FOR A MANDAMUS.

2   534
o111 955
o111 957

The consent or approbation of the family meeting is not required to enable the tutor to furnish security in lieu of the general mortgage. Their duty is confined to estimating the value of the objects presented for special mortgage, and until their decision no change can be made in the security of the minor.

So long as there is a possibility of obtaining a decision from those to whom the law has given the preference in deciding on the affairs of minors, the court cannot entertain the question of submitting their interest to the decision of others.

At the instance of the mother and tutrix, a meeting of the family and friends of her minor children was convoked to deliberate on the propriety of accepting from her a special mortgage, in lieu of the general mortgage bearing on the whole of her property—part of the members, including the under tutor, were of opinion that the security offered was sufficient to secure the rights of the minors, and that the special mortgage ought to be accepted. Others opposed it on the ground that the property of the minor children ought not to be sold. Application was then made to the judge of probates to homologate the opinion of the members favora-

ble to the mother's request—or to convoke another meeting composed of other than the relations of the minors.    This the judge refused, whereupon a rule was taken on him to shew cause why a mandamus should not issue—cause being shown.

*Porter, J.* delivered the opinion of the court.

The relatrix has applied for a rule on the judge of probates of the parish and city of New Orleans, to shew cause why a mandamus should not issue to compel him to comply with a petition which she had addressed to him.

That petition was referred to and makes a part of the application, and it is seen by it that on the fourth of the preceeding month a meeting of the family and friends of her minor children was called before a notary public, to enquire and determine on the demand of the petitioner, to give a special mortgage in lieu of a general mortgage, bearing on all her property, for the faithful performance of her duties as tutrix.

That at said meeting a portion of the members, together with the under tutor, were in favor of acceding to the request, but that a majority were opposed to it.

That on these persons composing this majority being called before the court, they gave such strange reasons for their dissent, that another meeting composed of the same persons was called before one of the associate judges of the city court.

That on this second meeting they persisted in their opinion, and gave for reason that the property of minor children ought not to be sold; which is totally foreign to the purpose, and shews malice.

Wherefore the court is prayed to accept the mortgage on the property offered; or in case that cannot be done, to direct that a family meeting shall be called of such intelligent, well minded, and respectable persons as may do justice to the petitioner, and her children.

P 3

Eastern District,
July 1831.

STATE
vs.
PITOT.

The court refused to accede to these demands. It thought, in the language of the judge, "that the grounds set forth in the process verbal of the family meeting were shockingly unfounded," but that the law did not authorize the court to grant what was asked.

The answer of the judge to the rule, states rather more in detail the reasons just quoted from him, and submits the case to this court for its decision.

The *process verbal* of the meeting has been presented to the court. Three of the majority declared that "the property of minors was a thing sacred, which could not be touched, and that if the mother wished to sell, she might do so, subject to the mortgage. The fourth declared his willingness "to accede to the demand, provided all the rest of her property remain bound." The object of the demand we have already seen, was that the remainder should not be bound.

The act of 1830, under which this proceeding was conducted, after declaring that tutors, &c., may give a special mortgage in cases like the present adds: *Provided*, that a meeting of the said minor, or minors, duly called according to law, on the petition of the said surviving father or mother, to that effect; addressed to the court of probates of the proper parish, shall declare that the property offered to be so specially mortgaged, is in the opinion of said family meeting of sufficient value, to secure the rights of said child or children in capital, and interest," &c. &c.—*Act of* 1830, *p.* 46.

The consent or approbation of the family meeting is not required to enable the tutor to furnish security in lieu of the general mortgage; there duty is confined to estimating the value of the objects presented for special mortgage, and until their decision no change can be made in the security of the minor.

By this enactment it appears, that the consent or approbation of the family meeting is not required to enable the tutor to furnish the security spoken of, in lieu of the general mortgage; their duty is confined to estimating the value of the objects presented for special mortgage. In the instance before us, though twice called on, instead of discharging the duty which the law devolves upon them, they refused a compliance with it on speculative ideas of their own—and consi-

dering the property of minors as a thing sacred—and consequently disliking the policy of the legislation, they concluded they could not give their consent to the change of hypothecation.

As the law did not ask their consent, but required their decision on the value of the property submitted for mortgage, it is clear that a refusal of this kind is tantamount to a declaration that they will not act on the matter submitted to them.

But until that decision, the court cannot make any change in the security of the minor—the opinion of the family meeting, as to the value of the property offered, is an indispensable prerequisite to its acceptance.

The next question is, can the court order a meeting of a family composed of other persons than the relations? The law recognizes the right to call on friends where there are no relations—*in default* of them, is the language of the code. Whether, after all the means which are in the power of the tribunal of the first instance, to compel the family meeting to act on the matter submitted to them, have been exhausted, and no result can be obtained, there is an authority to pass over the relations and call in friends, is a question we are not called on at present to decide. So long as there is a possibility of obtaining a decision from those to whom the law has given the preference in deciding on the affairs of minors, the court cannot entertain the question of submitting their interests to the decision of others.

Let the rule be discharged.

So long as there is probability of obtaining a decision from those to whom the law has given the preference in deciding on the affairs of minors, the court cannot entertain the question of submitting their interest to the decision of others.